# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES, *et al.*,<br><br>Defendants. | Case No. 17-cv-01974-BAS-MDD<br>Case No. 17-cv-01975-BAS-WVG<br>Case No. 17-cv-01980-BAS-BGS<br>Case No. 17-cv-01987-BAS-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2)**<br><br>**AND**<br><br>**(2) DISMISSING ACTIONS AS FRIVOLOUS UNDER 28 U.S.C. § 1915(e)(2)** |

Pending before the Court are four actions filed by Plaintiff Montorey Danyell Harper, proceeding *pro se*: Case No. 17-cv-01974-BAS-MDD; Case No. 17-cv-01975-BAS-WVG; Case No. 17-cv-01980-BAS-BGS; and Case No. 17-cv-01987-BAS-NLS. Plaintiff also filed identical motions seeking leave to proceed *in forma pauperis* ("IFP") in each action. (ECF Nos. 2.) For the reasons outlined below, the Court **GRANTS** each of Plaintiff's IFP motions, and **DISMISSES WITH PREJUDICE** all four complaints as frivolous.

## I. MOTIONS FOR LEAVE TO PROCEED IFP

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be

required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

While Plaintiff may not meet the requirements under 28 U.S.C. § 1915 for IFP status for one action, having read and considered Plaintiff's four applications together, the Court finds that Plaintiff does meet the requirements. He has a monthly income of $4,230—$2,915 from disability payments and $1,315 from other sources. (ECF No. 2 at 2.) Plaintiff has $1,495 on a pre-paid card, but no other assets. (*Id.* at 2.) Plaintiff states he has monthly expenses of $3,965 (though only itemizes $3,880 of expenses). His expenses include housing ($2,670), food ($800), clothing ($80), laundry and dry cleaning ($80), transportation ($100), and "recreation, entertainment, newspapers, magazines, etc." ($100). (*Id.* at 4.) He does not list any expenses for medical expenses, though he states he is disabled. (*Id.* at 4-5.) Weighing the income against expenses, Plaintiff has a monthly net gain of approximately $265. Under these circumstances and considering that Plaintiff would have to pay filing fees in four actions, the Court finds that requiring Plaintiff to pay the court filing fees would impair his ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Plaintiff's applications to proceed *in forma pauperis*. (ECF Nos. 2.)

II. **SCREENING UNDER 28 U.S.C. § 1915(e)**

Under 28 U.S.C. § 1915(e)(2)(B)(i), the court must dismiss an action where the plaintiff is proceeding IFP if the court determines that the action "is frivolous or malicious." An IFP complaint "is frivolous if it has 'no arguable basis in fact or law.'" *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)). This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S.

319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32–33 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989)). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Thus, district courts have dismissed as frivolous an assortment of complaints containing clearly baseless factual allegations. *See, e.g.*, *Frost v. Vasan*, No. 16-cv-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (secret conspiracy involving a U.S. Senator, a university, and the CIA); *Suess v. Obama*, No. CV 17-01184-JAK (DTB), 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (conspiracy involving former President Barack Obama, the CIA, and the FBI); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (kidnapping involving law enforcement officers disguised as pirates).

Here, though it is difficult to decipher, Plaintiff alleges the following for each action:

**Case No. 17-cv-01974-BAS-MDD**: Plaintiff files this action against the United States, Washington, DC, the United Nations, and New York City. Plaintiff alleges that the President-elect of France and "his audience" "singled out" Plaintiff. (Compl. at 1.) He further alleges that, because the French President-elect allegedly gave a part of his speech off script, the election was "perverted as young blacks where shown to darkened and looked pale," which Plaintiff interpreted as a showing of an "assault" of the French people. (*Id.*) Therefore, Plaintiff states that he includes "France as property" because neither Defendants nor the President-elect stated that

"something is wrong with the world." (*Id.* at 2.) Plaintiff "demands an unlimited enormous enormous amount." (*Id.*)

**Case No. 17-cv-01975-BAS-WVG**: Plaintiff files this action against the United States, the United Nations, NATO, and the City of San Diego. He alleges that an assault occurred that "has more to do with ego than anything else and it is brazened since it is a lie," and that Defendants are being "demeaning and scary." (Compl. at 1.) Plaintiff further alleges that he lacks information to describe the "attack" because he lacks "common knowledge in circles of Obama and Trump." (*Id.*) He does cite to an email he sent (to whom is not stated) where he alleges that "Obama [is] assaulting now like he is in a classified room setting with generals . . . and that its pressure from him to get something started. He will be sued in US courts and the US. So, Obama is pressuring others." (*Id.* at 2.) Because of these allegations, Plaintiff further alleges that he is "just stuck here to go through it" and has suffered mental anguish. (*Id.*) Plaintiff requests "enormous enormous unlimited amount [of] money." (*Id.*)

**Case No. 17-cv-01980-BAS-BGS**: Plaintiff files this action against the United States, Washington, DC, the United Nations, and New York City, though he lists additional defendants in his Complaint, including the States of Virginia and North Carolina, Ralphs, and the San Diego Police Department. Plaintiff alleges that he can "tell when people who should be regular store goers . . . become a tool of the hate" of Defendants, who are allegedly angry about Plaintiff's lawsuits and "particular stereotypical social norms of the plaintiff or former norms like veganism and running." (Compl. at 1-2.) Plaintiff requests "unlimited amount of money and that it be enormous enormous." (Compl. at 2.)

**Case No. 17-cv-01987-BAS-NLS**: Plaintiff files this action against the United States, Washington, DC, the United Nations, New York City, NATO, the City of San Diego, US Congress, and US Senate. He states that "spiritual assaults" have contaminated food, water, health, and noise, causing him "very very bad[]" harm. (Compl. at 2.) He further alleges that "the assaults include well known people" and

that "it is a weapon as described to the FBI." (*Id.*) He further cites to and quotes an email he sent to the "government" on June 17, 2017 on the same topic. (*Id.*) (stating, among other things, that various government officials are "not going to get away with it," referring to the spiritual assaults). Lastly, Plaintiff alleges that hotels where Plaintiff stays are "being moved or [are] moving" and "mak[ing] these attacks already bad worse by projecting themselves and the plaintiff can see them and they're yelling, spitting, fighting and hurting the plaintiff." (*Id.*)

Having reviewed the allegations in Plaintiff's four complaints, the Court concludes each complaint is fantastical and clearly baseless. *See Neitzke*, 490 U.S. at 325; *see also* 28 U.S.C. § 1915(e)(2)(B)(i); *DeRock v. Sprint-Nextel*, 603 F. App'x 556, 558 (9th Cir. 2015) (affirming dismissal of nine actions as either frivolous or failing to state a claim because the plaintiff alleged "unsupported legal conclusions and fanciful factual allegations"). In addition, because each complaint is frivolous, the Court does not grant Plaintiff leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions to proceed *in forma pauperis*. (ECF Nos. 2.) Further, the Court **DISMISSES WITH PREJUDICE** Plaintiff's four complaints as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS SO ORDERED.**

**DATED: October 3, 2017**

Hon. Cynthia Bashant
United States District Judge